[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15906
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A097-625-259,
A097-625-260

JESUS ARMANDO GUARISMA,
ANA MARIA VASQUEZ ESPOSICO,
CARLOS ARMANDO GUARISMA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 29, 2009)

Before BARKETT, HULL and QUIST,* Circuit Judges.

_____

*Honorable Gordon J. Quist, United States District Judge for the Western District of
Michigan, sitting by designation.

PER CURIAM:

Jesus Armando Guarisma ("Guarisma"), his wife Ana Maria Vasquez Esposico, and his son Carlos Armando Guarisma petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  After review, we grant the petition for review, vacate the BIA's and IJ's decisions, and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND

Guarisma, a native and citizen of Venezuela, entered the United States on August 13, 2002 on a six-month non-immigrant visa.  In July 2003, Guarisma filed an application for asylum, withholding of removal, and CAT relief, claiming persecution in Venezuela for his political opinion.  In September 2003, the government issued a Notice to Appear, charging Guarisma with being removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. §

---

[1]The asylum applications of Esposico and Carlos Guarisma were derivative of Guarisma's application.  Accordingly, the discussion of Guarisma's asylum claim on appeal applies equally to Esposico and Carlos Guarisma.  Additionally, Guarisma raises no arguments in his brief regarding his eligibility for withholding of removal or CAT, therefore, we deem these claims abandoned.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

1227(a)(1)(B), as a non-immigrant who remained in the United States beyond the time permitted by his visa.

According to his asylum application, Guarisma lived in Caracas, Venezuela, worked as an attorney, and owned a restaurant. Guarisma was an active member of the Copei Party (a Social Christian political party that opposed the ruling Hugo Chavez regime in Venezuela) since 1994. He organized protests, marches, and public events for the Copei Party and the Chavez opposition in general. The record sets forth multiple detentions, beatings, incidents with serious injuries, threats, and other violent acts, including a firebombing, against Guarisma because of his political participation.

The IJ denied Guarisma's application. The IJ concluded that Guarisma's "credibility is not entirely in tact [sic] in this case as his testimony was at times inconsistent with his asylum application and at other times with his brother's testimony and asylum application." The IJ concluded that, even assuming Guarisma's testimony was credible, he failed to establish that he suffered persecution or had a well-founded fear of persecution on account of a protected ground. Consequently, Guarisma could not demonstrate entitlement to asylum, withholding of removal, or CAT relief.

On appeal, the BIA concluded that the IJ did not make a clear finding as to the credibility of Guarisma or Joaquin, Guarisma's brother. The BIA therefore

3

remanded the case to the IJ to make explicit credibility determinations and to explain more fully his conclusion as to whether Guarisma satisfied his burden of proof.

On remand from the BIA, the IJ again issued an oral decision denying Guarisma's application. The IJ again found that Guarisma did not testify credibly, noting certain inconsistencies between Guarisma's testimony and his asylum application and/or his brother's testimony. The IJ determined that all Guarisma's claims should be denied because of his lack of credibility. Alternatively, the IJ concluded that even if Guarisma were a credible witness, he still would not carry his burden of establishing he suffered past persecution on account of a protected ground.

Guarisma again appealed. The BIA adopted and affirmed the IJ's decision. The BIA concurred in the IJ's adverse credibility finding. The BIA also concurred with the IJ's conclusion that Guarisma failed to meet his burden of showing past or future persecution. Finally, the BIA agreed with the IJ's conclusion that it was not more likely than not that if removed Guarisma would be tortured at the hands of the Venezuelan government or with its acquiescence.

Guarisma petitioned this Court for review. He challenges the BIA's and IJ's adverse credibility finding, and their determination that Guarisma failed to show he suffered past persecution.

4

## II. DISCUSSION

Because the BIA's decision adopted the IJ's decision, we review the orders of both the BIA and the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations regarding whether an applicant is eligible for asylum, withholding of removal, or CAT relief under the substantial evidence test. Id. at 1283-84; see Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1369 (11th Cir. 2005). Under the substantial evidence test, "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). A credibility determination, like any other fact finding, may not be overturned unless the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

If the IJ explicitly determines an alien is not credible, the IJ must give specific, cogent reasons for the adverse credibility determination. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (quotation marks omitted).

After review and oral argument, we conclude that the IJ's explicit adverse credibility determination was not supported by the record. For example, the IJ found an inconsistency in that Guarisma testified that he was arrested at his

5

mother's house, while his brother testified that he was arrested at his own house. However, the record shows that Guarisma also explained that his brother and his mother lived at the same address. So this is not an inconsistency. The IJ also found that Guarisma testified that he was arrested four days after the April 11, 2002 march, but his brother testified that they were arrested five days after the march, on April 16, 2002. However, the record shows that both he and his brother testified that they were arrested four days after the April 11 march and identified that date as April 16. Indeed, the record does not support any of the inconsistencies found and relied on by the IJ in the credibility determination.

Accordingly, because there is no record support for the inconsistencies found by the IJ, and instead the record shows that Guarisma's testimony and asylum application were consistent, the record therefore compels the reversal of the IJ's adverse credibility determination. Forgue, 401 F.3d at 1287 (a credibility determination may not be overturned unless the record compels it). Furthermore, the IJ also ignored one of the incidents where Guarisma was beaten and hospitalized and other evidence of violence in the record. Guarisma's testimony, other testimony and/or affidavits from Guarisma's brother, mother, father, and doctor, as well as certain documentary evidence in this record, support Guarisma's claims of past persecution based on his political activities. The record, once Guarisma's testimony is deemed credible, establishes as a matter of law that

Guarisma suffered past persecution. Thus, Guarisma is entitled to a rebuttable presumption of future persecution, shifting the burden to the government to show by a preponderance of the evidence that Guarisma either no longer has a well-founded fear of future persecution because of changes in the country or reasonably could avoid future persecution by relocating to another part of the country. See Arboleda v. U.S. Att'y Gen., 434 F.3d 1220, 1223 (11th Cir. 2006); 8 C.F.R. §§ 208.13(b)(1)(i), (ii), 1208.13(b)(1)(i), (ii) (asylum); 8 C.F.R. § 208.16(b)(1)(i) (withholding of removal). The IJ and the BIA have not addressed the issues of relocation and changed country conditions, making remand the appropriate course. INS v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353 (2002); see also Gonzales v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 1615 (2006). Accordingly, we grant the petition for review, vacate the IJ's and BIA's decisions, and remand for further proceedings consistent with this opinion.

**PETITION GRANTED, VACATED AND REMANDED.**